1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIALCOM, INC., REEVE BENARON,<br><br>                              Plaintiffs,<br><br>            vs.<br><br>ARCH INSURANCE COMPANY; ACE AMERICAN INSURANCE COMPANY; INSPERITY, INC., AND DOES 1-25, inclusive,<br><br>                              Defendants. | Case No. 2:20-cv-4056-SB-AGR<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER**<br><br>**Removed from the Superior Court of the County of Los Angeles**<br>Case No. 20STCV12579<br><br>Case Filed:  March 30, 2020 |

1    The Court having reviewed the Stipulated Protective Order entered into by
2  Plaintiffs SocialCom, Inc. and Reeve Benaron and Defendants Arch Insurance Company
3  and ACE American Insurance Company (collectively, the "Parties") and filed on January
4  19, 2021 ("Stipulated Protective Order"), and good cause appearing, hereby orders as
5  follows:
6    The Parties' Stipulated Protective Order is hereby **GRANTED**, and the Court
7  enters the Parties' Stipulated Protective Order in its entirety as follows:

8
9  1.    <u>INTRODUCTION</u>
10         A.    <u>PURPOSES AND LIMITATIONS</u>
11    Discovery in this action is likely to involve production of confidential, proprietary,
12  or private information or items for which special protection from public disclosure and
13  from use for any purpose other than prosecuting this litigation may be warranted.
14  Accordingly, the parties hereby stipulate to and petition the Court to enter the following
15  Stipulated Protective Order. The parties acknowledge that this Order does not confer
16  blanket protections on all disclosures or responses to discovery and that the protection it
17  affords from public disclosure and use extends only to the limited information or items
18  that are entitled to confidential treatment under the applicable legal principles. The parties
19  further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective
20  Order does not entitle them to file confidential information or items under seal; Civil
21  Local Rule 79-5 sets forth the procedures that must be followed and the standards that
22  will be applied when a party seeks permission from the court to file material under seal.
23         B.    <u>GOOD CAUSE STATEMENT</u>
24    This action is likely to involve confidential and/or proprietary information or items
25  for which special protection from public disclosure and from use for any purpose other
26  than prosecution of this action is warranted.  Such confidential and/or proprietary
27  information and items may consist of, among other things, information regarding
28  confidential business practices such as the parties' insurance underwriting processes,

pricing information or lists, financial information, and information implicating the privacy rights of third parties, information which is otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information and items the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information and items is justified in this matter.  It is the intent of the parties that information and items will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: the above-captioned pending federal lawsuit, styled *SocialCom, Inc. v. Arch Insurance Company*, Central District of California, Case No. 2:20-cv-4056-SB-AGR.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or

items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   <u>Party</u>: the parties to this Action, Plaintiffs SocialCom, Inc. and Reeve Benaron and Defendants Arch Insurance Company and ACE American Insurance Company, including all of such parties' officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4.   <u>DURATION</u>

Once a case proceeds to trial, all of the information and items that were designated as "CONFIDENTIAL" or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  <u>See</u> <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1180-81 (9th Cir. 2006)  (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions

1  or applications for extension of time pursuant to applicable law.

2

3  5.      DESIGNATING PROTECTED MATERIAL

4          5.1      Exercise of Restraint and Care in Designating Material for Protection. Each

5  Party or Non-Party that designates information or items for protection under this Order

6  must take care to limit any such designation to specific material that qualifies under the

7  appropriate standards. The Designating Party must designate for protection only those

8  parts of material, documents, items, or oral or written communications that qualify so that

9  other portions of the material, documents, items, or communications for which protection

10  is not warranted are not swept unjustifiably within the ambit of this Order.

11          Mass, indiscriminate, or routinized designations are prohibited. Designations that

12  are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

13  to unnecessarily encumber the case development process or to impose unnecessary

14  expenses and burdens on other parties) may expose the Designating Party to sanctions. If

15  it comes to a Designating Party's attention that information or items that it designated for

16  protection do not qualify for protection, that Designating Party must promptly notify all

17  other Parties that it is withdrawing the inapplicable designation.

18          5.2      Manner and Timing of Designations.  Except as otherwise provided in this

19  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

20  ordered, Disclosure or Discovery Material that qualifies for protection under this Order

21  must be clearly so designated before the material is disclosed or produced.

22          Designation in conformity with this Order requires:

23          (a)      for information in documentary form (e.g., paper or electronic

24  documents, but excluding transcripts of depositions or other pretrial or trial proceedings),

25  that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

26  "CONFIDENTIAL legend"), to each page that contains Protected Material. If only a

27  portion or portions of the material on a page qualifies for protection, the Producing Party

28  also must clearly identify the protected portion(s) (e.g., by making appropriate markings

in the margins).

Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation

of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2  <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

7.2  <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the Protected Material for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

///

///

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the information contained in the Protected Material;

(h)     stenographers engaged to transcribe depositions or hearings conducted in this action;

(i)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Protected Material unless they sign Exhibit A hereto, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j)     any other witness who a Party in good faith believes may be called to testify at trial or deposition in this Action or who otherwise have a genuine need to know the content of the Protected Material in connection with this Action, provided such person has first executed Exhibit A hereto;

(k)     auditors, regulators, and reinsurers of a Party who, in the normal course of business, would have access to or to whom a party has a business obligation to provide such information in connection with this Action; and

(l)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u> IN <u>OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must, to the extent legally permissible:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;  and

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u> PRODUCED <u>IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information or items produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information or items produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as

prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall, to the extent legally permissible:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information or items requested are subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information or items requested; and

(3)     make the information or items requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any of the Non-Party's Protected Material before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

1  such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

2  that is attached hereto as Exhibit A.

3

4  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

5        PROTECTED MATERIAL

6        When a Producing Party gives notice to Receiving Parties that certain inadvertently

7  produced material is subject to a claim of privilege or other protection, the obligations of

8  the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

9  This provision is not intended to modify whatever procedure may be established in an e-

10 discovery order that provides for production without prior privilege review. Pursuant to

11 Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

12 effect of disclosure of a communication or information covered by the attorney-client

13 privilege or work product protection, the parties may incorporate their agreement in the

14 stipulated protective order submitted to the court.

15

16 12.   MISCELLANEOUS

17       12.1 Right to Further Relief. Nothing in this Order abridges the right of any person

18 to seek its modification by the Court in the future.

19       12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective

20 Order no Party waives any right it otherwise would have to object to disclosing or

21 producing any information or item on any ground not addressed in this Stipulated

22 Protective Order. Similarly, no Party waives any right to object on any ground to use in

23 evidence of any of the material covered by this Protective Order.

24       12.3 Filing Protected Material. A Party that seeks to file under seal any Protected

25 Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

26 under seal pursuant to a court order authorizing the sealing of the specific Protected

27 Material at issue. If a Party's request to file Protected Material under seal is denied by the

28 court, then the Receiving Party may file the information in the public record unless

otherwise instructed by the court.

13.    FINAL DISPOSITION

      After the final disposition of this Action, as defined in paragraph 4, within 60 days
of a written request by the Designating Party, each Receiving Party must return all
Protected Material to the Producing Party or destroy such material. As used in this
subdivision, "all Protected Material" includes all copies, abstracts, compilations,
summaries, and any other format reproducing or capturing any of the Protected Material.
Whether the Protected Material is returned or destroyed, the Receiving Party must submit
a written certification to the Producing Party (and, if not the same person or entity, to the
Designating Party) by the 60 day deadline that (1) identifies (by category, where
appropriate) all the Protected Material that was returned or destroyed and (2) affirms that
the Receiving Party has not retained any copies, abstracts, compilations, summaries or
any other format reproducing or capturing any of the Protected Material. Notwithstanding
this provision, Counsel are entitled to retain an archival copy of all pleadings, motion
papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
deposition and trial exhibits, expert reports, attorney work product, and consultant and
expert work product, even if such materials contain Protected Material. Additionally, the
Parties shall be permitted to retain Protected Material as required by statute, regulation, or
their document retention policy.  Any such archival copies that contain or constitute
Protected Material remain subject to this Protective Order as set forth in Section 4
(DURATION).

///
///
///
///
///
///

14.   **VIOLATIONS OF THIS ORDER**

      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

DATED:  January 22, 2021          By:   _____

                                  HONORABLE ALICIA G. ROSENBERG
                                  UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____[print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on _____ [date] in the case of

*SocialCom, Inc. v. Arch Insurance Company*, Central District of California, Case No.

2:20-cv-4056-SB-AGR. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action. I hereby appoint _____ [print or type full

name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____